**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **CONTEXT DIRECTIONS LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**SPEEDWAY AUTO SALES, LLC**<br><br>    Defendant. | **Case No.** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.    Plaintiff Context Directions LLC ("Context Directions" or "Plaintiff") files this Complaint for patent infringement against Speedway Auto Sales, LLC ("Speedway" or "Defendant"), and alleges as follows:

### PARTIES

2.    Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001.

3.    Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Florida with a registered agent Rex Guy, 21280 US 27, Lake Wales, Florida 33853. Defendant also maintains places of business in this District at 38028 US-27, Davenport, Florida 33837.

**JURISDICTION**

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this district and is incorporated in this district's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this district.

**VENUE**

7.      Venue is proper in this district under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this district. In addition, Defendant has committed acts of patent infringement in this district, and Plaintiff has suffered harm in this district.

**U.S. PATENT NO. 9,807,564**

8.      On October 31, 2017, United States Patent No. 9,807,564 ("the '564 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '564 Patent is titled "Method for Detecting Context of a Mobile Device and a Mobile Device with a Context Detection Module."  A true and correct copy of the '564 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9.      Context Directions is the assignee of all right, title, and interest in the '564 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '564 Patent.  Accordingly, Context

2

Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '564 Patent by Defendant.

10.     The claimed invention of the '564 Patent relates to the field of detecting context of a mobile device and to a mobile device having context detection modules. At the time of the original invention there was a problem of how a mobile device was able to use sensors to detect the current environment, activity, and circumstances of the user. With these sensors, and automatic use of the sensors, the claimed method of the '564 Patent allows for safer operation of the mobile device based on detecting context.

11.     The prior art methods included detecting the approximate position of a device on the basis of the signals of cell phone towers, however, this prior method required a delay in detection and accepting false positives in detecting the proper context. Another prior art method was to analyze the speed of the device using GPS, however this required large amounts of power, reducing operating time of the mobile device, or reducing the amount of detecting the device could perform (to maintain its power capacity).

12.     The inventors recognized the above technical problems and the utility in creating an energy efficient and timely context detection method that enables the mobile device to be more efficient.

## U.S. PATENT NO. 10,142,791

13.     On October 31, 2017, United States Patent No. 10,142,791 ("the '791 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '791 Patent is titled "Method and System for Context Awareness of a Mobile Device." A true and correct copy of the '791 Patent is attached hereto as Exhibit B and incorporated herein by reference.

3

14.    Context Directions is the assignee of all right, title, and interest in the '791 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '791 Patent.  Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '791 Patent by Defendant.

15.    Like the '564 Patent, the '791 Patent relates to the field of detecting context of a mobile device and to a mobile device having context detection modules. At the time of the original invention there was a problem of how a mobile device was able to use sensors to detect the current environment, activity, and circumstances of the user. With these sensors, and automatic use of the sensors, the claimed method of the '791 Patent allows for safer operation of the mobile device based on detecting context.

16.    The prior art methods included detecting the approximate position of a device on the basis of the signals of cell phone towers, however, this prior method required a delay in detection and accepting false positives in detecting the proper context. Another prior art method was to analyze the speed of the device using GPS, however this required large amounts of power, reducing operating time of the mobile device, or reducing the amount of detecting the device could perform (to maintain its power capacity).

17.    The inventors recognized the above technical problems and the utility in creating an energy efficient and timely context detection method that enables the mobile device to be more efficient.

### COUNT 1: INFRINGEMENT OF THE '564 PATENT

18.    Plaintiff incorporates the above paragraphs 1-12 herein by reference.

4

19.     Speedway has been and continues to directly and indirectly infringe at least claims 1 and 23 of the '564 Patent in this district and elsewhere in the United States by selling, using, and/or offering for sale in the United States, without authorization, at least the following used vehicles: 2025 Nissan Sentra SV CVT and 2025 Toyota Corolla LE CVT.  For example, as shown in the attached exemplary claim charts (Exhibit C-D), the sale, use, or offer of sale of the Accused Products infringe at least Claims 1 and 23 of '564 Patent.

20.     Moreover, Defendant's acts of direct and indirect infringement of the '564 Patent occurred with Defendant's full knowledge that their selling and offering for sale of the Accused Products constitutes infringement of the '564 Patent. At least as early as the filing and service of the Complaint, Defendant was made aware of the '564 Patent and the fact that Defendant was using, selling, and/or offering for sale an infringing product, but since then has continued to sell and/or offer for sale the Accused Products. Defendant's customers are also direct infringers. Defendant continues to advertise the Accused Products and the infringing aspects of the Accused Products to customers to explain their features and use.

21.     Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

22.     Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### COUNT 2: DIRECT INFRINGEMENT OF THE '791 PATENT

23.     Plaintiff incorporates the above paragraphs 1-7 and 13-17 herein by reference.

24.     Speedway has been and continues to directly infringe at least claim 1 of the '791 Patent in this district and elsewhere in the United States by selling, using, and/or offering for

sale in the United States, without authorization, at least the following used vehicles: 2025 Nissan Sentra SV CVT and 2025 Toyota Corolla LE CVT vehicles (collectively "'791 Patent Accused Products" or the '791 Patent Accused Instrumentalities"). For example, as shown in the attached exemplary claim charts (Exhibit E-F), the use, sale, and offer of sale of the '791 Patent Accused Products infringes at least claim 1 of the '791 patent.

25.     Moreover, Defendant's acts of direct and indirect infringement of the '791 Patent occurred with Defendant's full knowledge that their selling and offering for sale the '791 Patent Accused Products constitutes infringement of the '791 Patent. At least as early as the filing of the Complaint, Defendant was made aware of the '791 Patent and the fact that Defendant was selling and/or offering for sale an infringing product, but since then has continued to sell and/or offer for sale the '791 Patent Accused Products. Defendant's customers are also direct infringers. Defendant continues to advertise the Accused Products and the infringing aspects of the Accused Products to customers to explain their features and use.

26.     Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

27.     Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## JURY DEMAND

28.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      A judgment that the '564 Patent is valid and enforceable;

B.      A judgment that Defendant has infringed one or more claims of the '564 Patent either literally and/or under the doctrine of equivalents;

C.      A judgment that the '791 Patent is valid and enforceable

D.      A judgment that Defendant has infringed directly and indirectly one or more claims of the '791 Patent either literally and/or under the doctrine of equivalents;

E.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '564 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '791 Patent, including pre-judgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

G.      That Defendant be permanently enjoined from any further activity or conduct that infringes; and

H.      That Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper under the circumstances.

Dated: June 24, 2026                    Respectfully submitted,

                                        /s/ Terry M. Sanks,
                                        Terry M. Sanks, Esq.
                                        Florida Bar No.: 154430
                                        Liandra Isquierdo, Esq.
                                        Florida Bar No.: 1033468
                                        BEUSSE SANKS, PLLC
                                        612 E. Colonial Drive, Suite 250
                                        Orlando, FL 32803
                                        (407) 644-8888
                                        tsanks@firstiniplaw.com
                                        lizquierdo@firstiniplaw.com
                                        litigation@firstiniplaw.com

                                        **Counsel for Plaintiff**
                                        **Context Directions LLC**

8